No. 507 June 4, 2025 139

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KENDALL LEIGH VEDDER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A183013

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review from a final order of the Board of Parole and Post-Prison Supervision (board) denying him release after holding a juvenile hearing. In its order, the board concluded petitioner had not demonstrated maturity and rehabilitation, ORS 144.397(7), and deferred petitioner's release. In a single assignment of error, petitioner argues that the board's order lacked substantial reason and that several findings lacked substantial evidence. *See* ORS 144.335 (providing that ORS 183.482(8) governs review of board orders); ORS 183.482(8)(c) (providing for substantial evidence review). We affirm.

In 2003, petitioner was convicted of attempted rape of his 15-year-old sister and the rape and attempted murder of his neighbor and sentenced to nearly 30 years in prison. Petitioner was 17 years old at the time he committed those crimes. In 2021, Governor Kate Brown commuted petitioner's sentence by granting him a juvenile hearing under ORS 144.397. Under ORS 144.397, persons convicted of crimes committed when they were juveniles may petition the board for early release after 15 years of imprisonment by demonstrating "maturity and rehabilitation." After holding petitioner's hearing, the board found that petitioner had not demonstrated maturity and rehabilitation and deferred his next juvenile hearing for five years.

On appeal, petitioner focuses his arguments on two of the board's findings he believes are not supported by substantial evidence. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding of fact." ORS 183.482(8)(c).

First, petitioner argues that the record lacks substantial evidence to support the board's "concern" that petitioner might not seek mental health treatment in the community based on his refusal to seek treatment while incarcerated under the first factor listed in OAR 255-033-0030(5). That factor permits the board to consider "the person's involvement in correctional treatment, medical care, educational, vocational, or other training in the institution

which will substantially enhance the person's capacity to lead a law-abiding life when released." OAR 255-033-0030(5) (a). Petitioner does not dispute that, in 2020 and 2021, he experienced symptoms of depression and did not seek mental health treatment nor does he dispute that he had previously stopped taking his mental health medication without consulting a provider. He argues, however, that the evidence in the record demonstrated that he was able to successfully manage his symptoms himself, through exercise and daily routines, and points to his lack of disciplinary infractions and lack of a formal diagnosis as proof of his ability to live a law-abiding life.

Assuming that the board's "concern" is, in fact, a factual finding, we disagree with petitioner that there was a lack of substantial evidence to support it. The evidence in the record showed that, at the time of his crimes, petitioner was feeling isolated, lonely, and depressed. Petitioner committed his crimes, in part, as a result of those feelings. A reasonable person could conclude that petitioner's ability and motivation to seek professional help would "substantially enhance" his capacity to lead a law-abiding life when released, OAR 255-033-0030(5)(a), notwithstanding that petitioner, at times, successfully self-managed his symptoms in a controlled prison environment.

Next, petitioner challenges the board's finding that he failed to engage in appropriate self-study. *See* ORS 144.397(5)(e) (the board shall consider "[t]he person's *** use of self-study for self-improvement"); OAR 255-033-0030(3)(e) (same). Petitioner does not dispute that, despite having committed violent sexual offenses, he only began a workbook specific to sexual offending less than two months before his hearing. However, petitioner argues that he was only recommended that workbook recently and it had overlap with other workbooks he had completed. Petitioner also notes that he began working through the book shortly after it was recommended to him.

Although it appears from the record that petitioner has made some progress in this area—a fact that is notable given the limited nature of sex-offender-specific treatment in Oregon's prisons—we disagree that the board's finding

lacked substantial evidence. Rather, it was reasonable for the board to expect petitioner to engage in relevant self-motivated study earlier than a few months before his hearing. And, given that petitioner had successfully engaged in other types of programming earlier in his incarceration, it was reasonable for the board to conclude that petitioner had the ability and means to procure the self-study materials specific to building healthy sexual relationships and habits earlier, but he failed to do so.

In addition to concluding that these specific findings are supported by substantial evidence, we note that the board's ultimate conclusion—that petitioner failed to demonstrate maturity and rehabilitation—was supported by multiple other factual findings which themselves were supported by substantial evidence in the record.

Affirmed.